IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RUBEN HERNANDEZ GARCIA, | § | |
| | § | |
| v. | § | C.A. NO. C-07-249 |
| | § | |
| BRAD LIVINGSTON. | § | |

**MEMORANDUM AND RECOMMENDATION
TO SUBSTITUTE NATHANIEL
<u>QUARTERMAN AS THE PARTY RESPONDENT</u>**

Petitioner Ruben Hernandez Garcia brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his conviction and sentence for possession of controlled substances in the 36th Judicial District Court of Aransas County, Texas.  (D.E. 7, at 1).  Pending before the Court is respondent's motion to substitute Nathaniel Quarterman for Brad Livingston as the party respondent. (D.E. 10).  For the reasons set forth below, it is respectfully recommended that respondent's motion be granted and that Nathaniel Quarterman be substituted in this action.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>, 235 F.3d 959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 36th Judicial District

Court in Aransas County, Texas, and therefore, jurisdiction is proper in this Court.

## II.  BACKGROUND

On May 15, 2007, petitioner filed a document initiating his petition for writ of habeas corpus.  (D.E. 1).  On July 9, 2007, he filed a petition on a blank form detailing his claim.  (D.E. 7).  On July 10, 2007, an order for service of process was issued.  (D.E. 8).  This order specifically stated: "Nathaniel Quarterman, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, is the proper respondent to this application for a writ of habeas corpus, and is hereby substituted as respondent in this action.  See Rule 2(a) Rules Governing Section 2254 Cases."  Id. at ¶ 2 (bold in original).

The Office of the Attorney General was served on July 16, 2007.  (D.E. 9).  On August 15, 2007, the pending motion was filed.  (D.E. 10).

## III.  DISCUSSION

Respondent asserts that Brad Livingston is not the proper respondent in this action because he does not have lawful custody of petitioner for the conviction and sentence that petitioner challenges in his petition.  (D.E. 10).  Instead, respondent argues that Nathaniel Quarterman as Director of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID") has custody of petitioner. Id. at 1.  Moreover, Mr. Quarterman is the only official who has the power to take

any necessary action if the petition is granted.  Id.[1]

## A.	The Custodian Is the Proper Respondent for Writ of Habeas Corpus.

The federal habeas statute provides that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]."  28 U.S.C. § 2242; see also 28 U.S.C. § 2243 ("The writ ... shall be directed to the person having custody of the person detained.").  The Supreme Court has explained:

> [T]here is generally only one proper respondent to a given prisoner's habeas petition.  This custodian, moreover, is "the person" with the ability to produce the prisoner's body before the habeas court.  We summed up the plain language of the habeas statute over 100 years ago in this way: "[T]hese provisions contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary."

Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (italics in original) (emphasis added) (citations omitted).

Rule 2(a) of the Rules Governing Section 2254 Cases states that "[i]f the

---

[1] In the pending motion, respondent asserts "[o]n July 16, 2007, this Court filed a Show Cause Order ordering the Respondent, Brad Livingston, respond to the instant petition."  (D.E. 10, at 1).  The only order to show cause in this case was issued on June 26, 2007, ordering petitioner to correct his deficient pleading.  (D.E. 6).  On July 10, 2007, an order for service of process was issued requiring respondent to file an answer to this petition.  (D.E. 8).  As noted above, that same order indicated that Nathaniel Quarterman was the proper respondent in this petition and was substituted as respondent.  Id. at ¶ 2.

petitioner is in custody under a state court judgment, the petition must name as respondent the state officer who has custody." Moreover, the Advisory Committee Note for Rule 2 indicates that "[t]he attorney general is in the best position to inform the court as to who the proper party respondent is. If it is not the attorney general, he can move for a substitution of party."

This Court has recognized that the proper respondent is the Director of the TDCJ-CID as opposed to Brad Livingston. See Mays v. Dretke, 2005 WL 3533346, No. Civ. A. H-06-4252, at n.1 (S.D. Tex. Dec. 22, 2005) (unpublished) (substituting Doug Dretke for Brad Livingston); see also Roberts v. Quarterman, 2007 WL 496724, No. EP-06-CA-158-PRM, at n.1 (S.D. Tex. Jan. 29, 2007) (unpublished) (substituting Nathaniel Quarterman for Brad Livingston).

It is respectfully recommended that Brad Livingston does not have custody of petitioner pursuant to the conviction that he is challenging and is not the proper respondent in this action.

**B.      The Substitution of the Proper Respondent.**

The habeas corpus statute also provides that the application for a writ of habeas corpus "may be amended or supplemented." 28 U.S.C. § 2242; see also Fed. R. Civ. P. 25(d)(1) (addressing substitution of public officers). Addressing habeas petitions, the Fifth Circuit has found that "a pro se plaintiff who has named

the wrong defendant should be permitted to amend his pleadings if there is a potential ground for relief." Antonelli v. Lappin, 134 Fed. Appx. 700, 701 (5th Cir. June 14, 2005) (per curiam) (unpublished) (citing Gallegos v. La. Code of Criminal Procedures Art. 658, 858 F.2d 1091, 1092 (5th Cir. 1988)); see also West v. State of Louisiana, 478 F.2d 1026, 1029 (5th Cir. 1973) ("Failure to name a proper respondent is a procedural rather than jurisdictional defect, and it may be corrected by amendment of the petition."), vacated on other grounds, 510 F.2d 363 (5th Cir. 1975) (en banc) (per curiam).  This Court recognizes the TDCJ-CID Director as the proper respondent.  See Mays, 2005 WL 3533346, at n.1; see also Roberts, 2007 WL 496724, at n.1 (citing Fed. R. Civ. P. 25(d)(1)).

     The Director has custody of petitioner pursuant to the conviction in the 36th Judicial District Court.  Accordingly, it is respectfully recommended that Nathaniel Quarterman be substituted as the respondent in this action.

## IV.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion to substitute parties, (D.E. 10), be granted, and that Nathaniel Quarterman be substituted for Brad Livingston as the proper respondent in this petition.

Respectfully submitted this 20th day of August 2007.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).