IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RUBEN HERNANDEZ GARCIA,          §
                Petitioner,          §
                                §
v.          §          C.A. NO. C-07-249
                                §
NATHANIEL QUARTERMAN,          §
                 Respondent.          §

**MEMORANDUM AND RECOMMENDATION**
**REGARDING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice,

Correctional Institutions Division, and is currently incarcerated at the Lopez Unit

in Edinburg, Texas.  On July 9, 2007, petitioner filed this pro se habeas corpus

petition pursuant to 28 U.S.C. § 2254.  (D.E. 7).  Pending is respondent's motion

for summary judgment.  (D.E. 22).  Petitioner has not replied to this motion.[1]  For

the reasons stated herein, it is respectfully recommended that respondent's motion

for summary judgment be denied in part and granted in part.

**I.  JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to

28 U.S.C. § 2254, which provides that jurisdiction is proper where the inmate is

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no
opposition.  See also Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (affirming
dismissal of habeas corpus petition for failure of petitioner to respond to motion for summary
judgment).

confined, or where the conviction was obtained.  <u>Wadsworth v. Johnson</u>, 235 F.3d

959, 961-62 (5th Cir. 2000).  Petitioner was convicted by the 36th Judicial District

Court of Aransas County, Texas, and therefore, jurisdiction is proper in this Court.

28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On August 20, 2005, an informant advised Aransas County police that

petitioner had been selling cocaine.  State Habeas Application at 14, 16.[2]

Petitioner and his passenger were arrested after a traffic stop and subsequent

consensual search revealed a bag of cocaine in his car.  <u>Id.</u>  On February 21, 2006,

petitioner was indicted for possession of cocaine with intent to distribute.  SHA at

27.  On June 14, 2006, a jury convicted petitioner and his passenger of the lesser

included offence of possession of cocaine in cause No. A-06-5035-1-CR.

Petitioner then entered into an agreement for an eight-year sentence with the State.

SHA at 68.  Pursuant to the agreement, petitioner waived his right to appeal and

dismissed several pending appeals.  <u>Id.</u>  In exchange, the State agreed not to

prosecute him for another incident of possession of cocaine that occurred on

August 27, 2005.  <u>Id.</u>

On February 21, 2007, petitioner's application for state habeas was denied

---

[2] "State Habeas Application" is hereinafter abbreviated as "SHA."

2

without written order.  Ex parte Garcia, No. WR-14,774-02 at cover.  On May 15,

2007, petitioner filed a notice of appeal, which this court construed as a petition for

a writ of habeas corpus.  (D.E. 1).  On July 9, 2007, an amended petition was filed.

(D.E. 7).  On October 9, 2007, respondent filed an answer, (D.E. 21), and moved

for summary judgment, on the grounds that one of petitioner's claims is

procedurally barred and the remainder are without merit.  (D.E. 22).

### III.  PETITIONER'S ALLEGATIONS

Petitioner raises the following grounds for relief:

1) The state never proved that he possessed cocaine;

2) Trial counsel failed to file motions that would have changed the result;

3) He was not tried by a jury of his peers; and

4) He did not knowingly and voluntarily enter into the sentencing

agreement.

(D.E. 7, at 6-11.)

### IV.  EXHAUSTION OF STATE REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be

granted unless: 1) the inmate has exhausted his legal remedies in the state courts;

2) state corrective processes are absent; or 3) circumstances render such processes

insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The

exhaustion requirement is satisfied when the substance of each claim has been fairly presented to the highest court of the state. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999) (citation omitted). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) the petitioner may file a petition for state writ of habeas corpus. Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990) (citing Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985)).

Respondent argues that petitioner's first claim regarding the sufficiency of the evidence is unexhausted because it was not presented to the Court of Criminal Appeals on either direct appeal, or petition for habeas relief. (D.E. 22, at 3). Respondent is correct. See SHA at 9-11, 19-26. However, as respondent acknowledges, under Texas law, insufficient evidence claims can only be brought on direct appeal. (D.E. 22, at 5); see also Renz v. Scott, 28 F.3d 431, 432 (5th Cir. 1994) (sufficiency of evidence claims are not cognizable in Texas habeas proceedings) (citing Ex Parte McWilliams, 634 S.W. 2d 815, 818 (Tex. Crim. App. 1980)); Clark v. Texas, 788 F.2d 309, 310 (5th Cir. 1986) (per curiam) (under Texas law, challenges to the sufficiency of the evidence may not be raised in a habeas application). Petitioner waived his right to appeal at sentencing. SHA at

4

67; see also United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005) (knowing, voluntary waivers of right to appeal are permitted).

Petitioner was required to exhaust all remedies that were available at the time he filed his federal habeas petition.  Wynn v. Smith, 446 F.2d 341, 344 (5th Cir. 1971).  When Texas courts will not entertain a state habeas petition, the absence of a state remedy excuses the need for exhaustion.  See Smith v. Estelle, 562 F.2d 1006, 1007-08 (5th Cir. 1977); see also Lowery v. McCaughtry, 954 F.2d 422, 423 (7th Cir. 1992) ("If a state would treat the petitioner's claim as waived ..., then there is no 'available State corrective process.'") (citation omitted).  Here, petitioner has been denied an opportunity to fairly present the substance of his sufficiency of the evidence claim to a Texas court in a state habeas application.  Under these circumstances, state processes are either unavailable, or ineffective to protect petitioner's rights.  28 U.S.C. § 2254(b)(1)(B).  It is therefore respectfully recommended that AEDPA's exhaustion requirement does not apply to claim one.

## V.  STANDARD OF REVIEW

**A.    Federal Habeas Corpus Standard of Review Pursuant to the AEDPA.**

A federal writ of habeas corpus is available to a state prisoner only if he is being held in violation of the Constitution, laws, or treaties of the United States. Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (citation omitted).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates

that the state court's decision was "contrary to, or involved an unreasonable

application, of clearly established federal law" or was "based on an unreasonable

determination of the facts."  28 U.S.C. § 2254(d).  Thus, "federal habeas relief is

only merited where the state court decision is both incorrect <u>and</u> objectively

unreasonable."  <u>Morrow v. Dretke</u>, 367 F.3d 309, 313 (5th Cir. 2004) (emphasis in

original) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000)); <u>see</u> <u>also</u> <u>Riddle v.</u>

<u>Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002).  The AEDPA's provisions "ensure

that state-court convictions are given effect to the extent possible under law."  <u>Bell</u>

<u>v. Cone</u>, 535 U.S. 685, 693 (2002) (citation omitted).

The Supreme Court has concluded that the "contrary to" and "unreasonable

application" clauses of 28 U.S.C. § 2254(d)(1) have independent meanings.  <u>Id.</u> at

694 (citing <u>Williams</u>, 529 U.S. at 404-05).  The Court explained:

> A federal court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the
> governing law set forth in our cases, or if it decides a
> case differently than we have done on a set of materially
> indistinguishable facts.  The court may grant relief under
> the "unreasonable application" clause if the state court
> correctly identifies the governing legal principles but
> unreasonably applies it to the facts of the particular case.
> The focus of the latter inquiry is on whether the state
> court's application of clearly established federal law is

> objectively unreasonable, and we stressed in *Williams*
> that an unreasonable application is different from an
> incorrect one.

Id. (citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted). The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision,' and not the written order explaining that decision.'" St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003). The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th Cir. 2001). Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is

7

available if a state court decision is objectively unreasonable.  <u>Montoya v. Johnson</u>,

226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it]

conclude[s] that the state court decision applies the correct legal rule to a given set

of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  <u>Gardner</u>

<u>v. Johnson</u>, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the

focus of the "unreasonable application" test is "on the ultimate legal conclusion

that the state court reached and not on whether the state court considered and

discussed every angle of evidence."  <u>Neal</u>, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state

court's findings of fact unless the petitioner 'rebut[s] the presumption of

correctness by clear and convincing evidence.'"  <u>Morrow</u>, 367 F.3d at 315 (quoting

28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to

adjudications made during state post-conviction proceedings.  <u>Id.</u>  The burden to

rebut the presumption of correctness remains on petitioner even if the state

"hearing was a 'paper' hearing and may not have been full or fair."  <u>Id.</u> (citing

<u>Valdez v. Cockrell</u>, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances,

findings of fact may be implied from conclusions of law.  <u>See</u> <u>Valdez</u>, 274 F.3d at

948 n.11 ("The presumption of correctness not only applies to explicit findings of

fact, but it also applies to those unarticulated findings which are necessary to the

state court's conclusions of mixed law and fact.") (citations omitted); <u>Goodwin v. Johnson</u>, 132 F.3d 162, 183-84 (5th Cir. 1997).

**B.     Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant.  <u>Caboni v. Gen. Motors Corp.</u>, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986); <u>Williams v. Adams</u>, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  <u>Lujan v. Nat'l Wildlife Fed'n</u>, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to

the non-movant to show that a genuine issue of material fact remains for trial.

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986);

Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-

movant cannot merely rest on the allegations of the pleadings, but must establish

that material controverted facts preclude summary judgment.  Fed. R. Civ. P. 56(e);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary

judgment is proper if the non-movant fails to make a showing sufficient to

establish the existence of an element essential to his case on which he bears the

burden of proof.  Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v.

Ragan, 63 F.3d 438, 441 (5th Cir. 1995).

## VI.  DISCUSSION

### A.    Petitioner's Sufficiency of the Evidence Claim Concerning Possession of Cocaine.

AEDPA's deferential standard of review applies only to claims adjudicated

on the merits; therefore, petitioner's first claim is subject to de novo review.  28

U.S.C. § 2254(d).  "In reviewing a challenge to sufficiency of the evidence, [courts

view] all evidence in the light most favorable to the verdict to determine whether a

rational trier of fact could have found that the evidence established the essential

elements of the offense beyond a reasonable doubt."  United States v. De Jesus-

Batres, 410 F.3d 154, 160 (5th Cir. 2005) (citing United States v. Carrion-Caliz,

10

944 F.2d 220, 222 (5th Cir. 1991)); see also Jackson v. Virginia, 443 U.S. 307, 319 (1979) (standard for sufficiency of evidence in federal habeas corpus proceedings is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original).

Petitioner's sole basis for this claim is that palm prints on the baggie did not match his passenger's or his own.  (D.E. 7, at 7).  However, there was no shortage of other evidence that petitioner possessed cocaine.  Cocaine was found near the right front tire of petitioner's car during a traffic stop.  Trial Transcript, Vol. 2, at 42, 97.[3]  The officer who stopped him testified that there was a plastic bag in the center console of petitioner's car.  Id. at 91.  Video from the patrol car's camera showed something being thrown from the car during the stop.  Id. at 56, 99.  The jury saw this video, and requested to review it again during deliberations.  Id. at 126, 175.  A rational juror could have found beyond a reasonable doubt that petitioner was "aware of his control of [the cocaine] for a sufficient time to permit him to terminate his control," as they were instructed.  SHA at 61.  Accordingly, it is respectfully recommended that petitioner's claim be denied.

---

[3] "Trial Transcript" is hereinafter abbreviated as "Tr."

**B.     Petitioner's Ineffective Assistance of Counsel Claim.**

The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching."  Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir.), cert. denied, 127 S. Ct. 732 (2006).  To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's performance was deficient, and (2) that the deficient performance resulted in actual prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Id.  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's

performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (citations omitted).  However, a reviewing court need not consider the deficiency prong if the court concludes that petitioner has failed to show actual prejudice.  Strickland, 466 U.S. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995).

Under the second prong of the Strickland two-part test, petitioner may not simply allege, but must affirmatively prove actual prejudice, resulting from the ineffective assistance of counsel.  Strickland, 466 U.S. at 693.  Thus, he must affirmatively show that his counsel's actions deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987).  Prejudice results when "there

13

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance).

Petitioner has the burden of proof under the Strickland test. See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (holding burden of proof is on petitioner in a federal habeas proceeding). He must establish "actual prejudice as a result of his counsel's ineffectiveness." Moody v. Johnson, 139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). In addition, conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief. Collier v. Cockrell, 300 F.3d 577, 587 (2002) (citation omitted); see also Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because [petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory."). The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these claims.'" Miller,

14

200 F.3d at 282 (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under *Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by clearly established federal law (*Strickland*), for succeeding on his IAC claim.").

Petitioner alleges that counsel was deficient in failing to "file motions that would have made a different [sic] on the outcome of the trail [sic]."  (D.E. 7, at 8). He does not state with specificity what motions counsel should have filed, or how they would have contributed to an acquittal.  However, his state habeas petition suggests that counsel should have filed motions

> ... to dismiss all charges of Possession of Control [sic] Substance, And Restore seizure of Vechile [sic] & currency back to the ower, [sic], Due to "DPS" Analyis [sic] of FingerPrint& PalmPrint of "No Match."  Also other Motions.  To Suppress Pre-Trail [sic] Transcript of Officer Gavin Harrison testimony of the baggie he saw & state claims to be the same one.  Motion to suppress the "baggie" that the latent Print was found, Motion to

15

> dismiss, for tampering with the evidents, [sic] Remove it
> from Original State.  Motion of Limine Motion to
> suppress "field test," tagged & numbered not in
> discovery.  Motion to suppress "inventory" of finding in
> the Vechicle [sic] By Officer Lou Lourcey.  Motion to
> dismiss case, because of finding was found on the
> "Ground" not on possession.

SHA at 9.

The fingerprinting and possession issues would not have entitled petitioner to dismissal because there was sufficient evidence to prove he legally possessed the cocaine.  Therefore, counsel's failure to move for dismissal could not have prejudiced the outcome of the trial.  The record does not support any of petitioner's other allegations.  Counsel moved to suppress all evidence and statements made in connection with his arrest, along with "any other matters that the Court finds should be suppressed upon hearing of this motion."  SHA at 36-37.  Counsel also moved for discovery of all exculpatory evidence.  Id. at 33-34.  Finally, petitioner offers no evidence of any evidence tampering, or irregularities in the chain of custody.  He has not shown that the state court was unreasonable pursuant to AEDPA in denying relief on this claim.  Therefore, it is respectfully recommended that petitioner's ineffective assistance of counsel claim be denied.

16

**C.      Petitioner's Claim That He Was Not Tried By a Jury of His Peers.**

Petitioner alleges he was denied trial by a jury of his peers because he was convicted by an all-white jury.  (D.E. 7, at 9).  It is true that in a criminal case, potential jurors must represent a fair cross-section of the community; "the jury wheels, pools of names, panels, or venires from which the juries are drawn must not systematically exclude distinctive groups in the community and thereby fail to be reasonably representative thereof."  Taylor v. Louisiana, 419 U.S. 522, 538 (1975) (citations omitted).  However, defendants are not entitled to a jury of a specific composition.  Id.; United States v. Steen, 55 F.3d 1022, 1030 (5th Cir. 1995).  The Fifth Circuit has explained that a petitioner seeking to establish a cross-section claim must initially show 1) that the group allegedly excluded is distinctive, 2) that the group is not fairly and reasonably represented in venires in relation to its presence in the community, and 3) that the underrepresentation is caused by a systematic exclusion of the group in the selection process.  United States v. Olaniyi-Oke, 199 F.3d 767, 773 (5th Cir. 1999) (citation omitted); Steen, 55 F.3d at 1029-30.  Petitioner has not offered proof of nor alleged the existence of the latter two factors, and "[a] defendant cannot establish a *prima facie* violation by relying solely on the composition of the jury at his own trial."  Olaniyi-Oke, 199 F.3d at 773 (citation omitted).

17

Petitioner's claim might also be interpreted as asserting discriminatory use of peremptory challenges by the prosecution.  The Supreme Court requires that a petitioner first make a <u>prima</u> <u>facie</u> showing that the prosecution has exercised peremptory challenges on the basis of race.  <u>Batson v. Kentucky</u>, 476 U.S. 79, 93-94, 96-97 (1986); <u>Murphy v. Dretke</u>, 416 F.3d 427, 432 (5th Cir. 2005).  Petitioner alleges merely that there were no African-American or Hispanic jurors, which is not a <u>per se</u> violation of any right.  <u>See</u> <u>Batson</u>, 476 U.S. at 85 n.6 (it would be impossible to require that "'petit juries actually chosen must mirror the community and reflect the various distinctive groups in the population.'").  It is therefore respectfully recommended that the state court correctly denied relief on petitioner's jury composition claim.

**D.   Petitioner's Claim Regarding the Voluntariness of His Sentencing Agreement.**

Petitioner's final claim is that he did not voluntarily enter into his sentencing agreement.  (D.E. 7, at 10).  After conviction, petitioner waived his right to appeal in exchange for an eight-year sentence and for not prosecuting another drug possession charge.  SHA at 68.  A knowing, voluntary waiver of the right to appeal should be upheld on habeas review.  <u>Bond</u>, 414 F.3d at 544.  According to his petition, the jury's finding of guilt and the prosecution's threat to seek the maximum sentence placed petitioner under duress.  (D.E. 7, at 10).  Every

sentencing agreement is motivated in part by the prospect of a harsher sentence, and an agreement does not become unenforceable because a prosecutor threatens to seek one.  See Brady v. United States, 397 U.S. 742, 750-53 (1970).  Furthermore, petitioner's statements at the punishment hearing indicate that he understood the consequences of his sentence agreement and was not subject to improper pressure. Tr., Vol. 3, at 13-15.  Reviewing courts give such statements great weight.  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002) (citing Blackledge v. Allison, 431 U.S. 63, 73 (1977)).  Accordingly, it is respectfully recommended that the state court's decision was not unreasonable under AEDPA.

## VII.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that

court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon <u>Slack</u>, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack</u>, 529 U.S. at 484 (emphasis added).

20

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed.  <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 22), be denied as it relates to petitioner's exhaustion of administrative remedies.  However, it is respectfully recommended that the motion for summary judgment be granted on the merits of petitioner's claims.  Moreover, it is respectfully recommended that the petition be dismissed. Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 6th day of December 2007.

_____

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO THE PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).